# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORRIS WILLIAMS, | Civil Action No. 12 – 1582 |
| Plaintiff, | |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| DET. PHARES HUTTON, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

### II. REPORT

Morris Williams ("Plaintiff") is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution at Cresson ("SCI-Cresson"). Plaintiff initiated this matter on November 1, 2012, by submitting a Motion for Leave to Proceed *in forma pauperis* and a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff asserts that his rights under the Fourth, Sixth, and Fourteenth Amendments to the United State Constitution were violated in July 1987 when he was arrested, charged, and found guilty of criminal homicide. For the following reasons, Plaintiff's Complaint should be dismissed with prejudice pursuant to the Prison Litigation Reform Act.

1

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers and employees.

### B. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See* Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See* Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege

3

sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## C. Discussion

**1. Plaintiff fails to state a claim upon which relief can be granted because his claims are barred by the applicable statute of limitations.**

Plaintiff's claims stem from his arrest and subsequent charge of criminal homicide that occurred in July 1987. Specifically, it appears that Plaintiff is challenging the jurisdiction for his arrest, charge, or conviction for criminal homicide.[1] Based on the facts as alleged, it is clear that Plaintiff's claims are time-barred.

The Third Circuit Court of Appeals recently addressed whether district courts can *sua sponte* dismiss a *pro se* complaint on statute of limitations grounds. In Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008), the appellate court stated:

> Civil rights complaints are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. *See* Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. *See* Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); *see also* Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (citation

---

[1] Plaintiff's claims are not entirely clear. He gives a short procedural history of his case from the time the criminal complaint was issued in July 1987 to the time he was brought to trial and convicted in November 1987. At the end of each paragraph he states "lack of jurisdiction" but he does not explain why there was a lack of jurisdiction. He attaches a copy of what appears to be the criminal complaint and arrest warrant. Therefore, the undersigned assumes that Plaintiff is challenging his arrest on the basis that there was a lack of probable cause and that he should not have been charged with criminal homicide. However, "under the present state of Pennsylvania law, probable cause is conclusively established to exist at the time the arrest was made when there is a guilty plea or conviction." McGriff v. Vidovich, 699 A.2d 797, 800 (Pa. Commw. Ct. 1997). It appears that Plaintiff was convicted of criminal homicide and therefore his conviction establishes the existence of probable cause. Nevertheless, even if Plaintiff is challenging something else, it is evidently clear that Plaintiff's claims are barred by the two-year statute of limitations.

omitted) (finding that a district court's screening authority under § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*.").

260 F. App'x at 455; *see also* Jackson v. Fernandez, No. 08-5694, 2009 U.S. Dist. LEXIS 7041, 2009 WL 233559 (D. N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 U.S. Dist. LEXIS 46503, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, the undersigned finds that it is clear from the face of the Complaint that Plaintiff's claims are subject to dismissal on statute of limitations grounds. Because of this, his Complaint should be dismissed for failure to state a claim.

**2. Plaintiff is seeking relief that is not cognizable in a civil rights action.**

In addition to the award of monetary damages, Plaintiff is seeking release from custody. However, Plaintiff cannot obtain this relief in a § 1983 action. *See* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" following exhaustion of state remedies).

**III. CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

It is also recommended that Plaintiff's claims be dismissed with prejudice as to all Defendants because it is clear that granting Plaintiff further leave to amend would be futile.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: November 27, 2012

                                            Lisa Pupo Lenihan
                                            Chief United States Magistrate Judge

cc: Morris Williams
     AJ1391
     PO Box A, Old Route #22
     Cresson, PA 16699